UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIANNA STURGIS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00738-JMS-MJD |
| | ) | |
| JARED SILVERS, *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

On January 27, 2017, the Court ordered the parties to show cause why Timarron Real Estate LLC's ("Timarron") crossclaims should not be severed pursuant to Federal Rule of Civil Procedure 21 and the resulting new action stayed pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). [Filing No. 254.] The parties have responded to the Court's Order. Timarron partially supports the proposed actions [Filing No. 261; Filing No. 282], while the Crossclaim Defendants ("Tenants")[1] [Filing No. 280] and Plaintiff Diana Sturgis ("Ms. Sturgis") [Filing No. 281] oppose them. Having considered the parties' submissions and all relevant factors, the Court concludes that a severance and stay of Timarron's crossclaims is appropriate and in the interests of justice.

**I.
BACKGROUND**

**A. Procedural History in this Case**

Ms. Sturgis brought this personal injury action in May 2015, alleging that Timarron, the owner of the property at which she was injured, was responsible for the injuries she suffered after

---

[1] Crossclaim Defendant Dylan Schwaber did not respond to the Order to Show Cause and has a Clerk's Entry of Default against him. [Filing No. 185.]

falling from a deck during a social gathering after the deck's railing broke. [Filing No. 1.] Ms. Sturgis amended her complaint in October 2015 to add negligence claims against the Tenants of Timarron's property. [Filing No. 33; *see* Filing No. 42 (currently-operative third amended complaint).]

On November 11, 2015, Timarron brought a three-count crossclaim against the Tenants. [Filing No. 49.] Count I alleges breach of contract for the property damage the Tenants caused during their tenancy. [Filing No. 49 at 12-13.] Counts II and III allege contractual and common-law indemnification claims for Timarron's defense against any personal injury actions arising out of the social gathering where the deck railing broke. [Filing No. 49 at 13-16.]

### B. Indiana Case

While litigating its crossclaims in this Court, Timarron has simultaneously pursued similar claims against the Tenants in a previously-filed Indiana state court action ("Indiana Case"). In April 2014, more than a year before the instant case was filed, Timarron brought an action for eviction and damages against the Tenants in Monroe Circuit Court. [*See* Filing No. 254-1; Filing No. 254-2.] In July 2015, Timarron filed an amended complaint in the state court action, alleging breach of contract for the property damage and contractual indemnification for its damages in defending against Ms. Sturgis's lawsuit. [Filing No. 254-3.] The Indiana Case has not materially progressed by agreement of the parties since November 2015. [Filing No. 280 at 5; Filing No. 261 at 6.]

### C. Perlman Case

Timarron has also pursued crossclaims in a personal injury suit brought by another person injured when the deck railing broke. On April 1, 2016, Adam Perlman brought suit in Indiana state court against Timarron and the Tenants for his injuries suffered in the same incident ("Perlman

Case"). Plaintiff's Complaint for Damages, *Perlman v. Timarron Real Estate, LLC*, No. 53C01-1604-CT-000725 (Monroe Cir. Ct. Apr. 1, 2015). On August 15, 2016, Timarron crossclaimed against the Tenants with claims identical to those asserted in this case, including breach of contract for property damage and indemnification for any lawsuit stemming from the broken railing incident.[2] Timarron Answer and Cross-Claims, *Perlman*, at 10-17 (Monroe Cir. Ct. Aug. 15, 2016). On November 28, 2016, Mr. Perlman settled his claims against Timarron and dismissed them with prejudice. Joint Motion for Order of Dismissal, *Perlman* (Monroe Cir. Ct. Nov. 28, 2016). Timarron's crossclaims remain pending in the Perlman Case.

### D. Sturgis-Timarron Settlement in this Case

On January 4, 2017, Ms. Sturgis settled her claims in this case against Timmaron and dismissed them with prejudice. [Filing No. 212.] Timarron is therefore no longer a defendant to Ms. Sturgis's personal injury suit in this Court. Timarron's breach of contract and indemnification crossclaims, however, remain pending against the Tenants.

In summary, Timarron has similar or identical breach of contract and indemnification claims against the Tenants in three different actions: the first-filed Indiana Case, this case, and the Perlman Case. This Order addresses the appropriate treatment of Timarron's crossclaims in this matter given the trifurcated proliferation of these actions.

---

[2] The crossclaim allegations in the Perlman Case and this matter are legally identical, differing only in the specific names used, which are queued to the personal injury plaintiffs. In the Perlman case, for example, paragraph 45 of Timarron's crossclaim reads "The Tenants have a duty to indemnify Timarron from all attorneys' fees and expenses incurred in defense of Perlman's claims against Timarron and in defense of the claims of other persons injured in the Incident." Timarron Answer and Cross-Claims, Perlman, at 15 (Monroe Cir. Ct. Aug. 15, 2016). Paragraph 45 of Timarron's crossclaim in this case alleges that "The Tenants have a duty to indemnify Timarron from all attorneys' fees and expenses incurred in defense of Sturgis's claims against Timarron and in defense of the claims of other persons injured in the Incident." [Filing No. 49 at 15.]

## II.
### SEVERANCE

### A. Legal Standard

Federal Rule of Civil Procedure 21 provides that the "court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "It is within the district court's broad discretion whether to sever a claim under Rule 21" where there is "a discrete and separate claim." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). Claims may be "discrete and separate" even where "the facts underlying the[] claims overlap." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 434 (7th Cir. 2006). Severance is proper where "severance would simplify the proceedings," *id.*, though the Court may not "abuse[] its discretion to separate an essentially unitary problem," *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976) (internal quotation omitted). In evaluating the propriety of severance in a particular case, courts generally consider factors such as "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Boles v. Eli Lilly & Co.*, 2015 WL 6132478, at *7 (S.D. Ind. 2015) (quoting *Allstate Property & Cas. Ins. Co. v. Omega Flex, Inc.*, 2013 WL 786764, at *2 (S.D. Ind. 2013)).

### B. Discussion

Timarron believes that severance of its crossclaims is appropriate, citing to the Court's analysis of the issue in its Order to Show Cause. [Filing No. 261 at 6 (citing Filing No. 254 at 2-3).]

The Tenants and Ms. Sturgis oppose severance. In support, the Tenants argue that the success of Timarron's indemnification claim turns on whether the Tenants are liable to Ms. Sturgis

4

for her injuries. [Filing No. 280 at 2-4.] Severance, therefore, could result in inconsistent judgments if the Tenants are not found negligent in this case but are found liable to Timarron in the Indiana Case. [*Id.*] Ms. Sturgis states that she believes that this issue is within the Court's sound discretion, but that judicial efficiency does not favor severance. [Filing No. 281.]

The Tenants' main argument against severance is thus addressed to the prejudice factor. In support, the Tenants cite to cases establishing that severance is not appropriate where one claim is not "capable of resolution despite the outcome of the other claim." *Gaffney*, 451 F.3d at 442 (citing *Rice*, 209 F.3d at 1016); *see* [Filing No. 280 at 3 (quoting *Gaffney*)]. But the lesson to be gleaned from those cases is that this Court may not "separate an essentially unitary problem" through Rule 21 severance. *Rice*, 209 F.3d at 1016 (internal citation omitted).

Only a small part of Timarron's crossclaims pertain to the incident that injured Ms. Sturgis. The indemnification claim in this case is the metaphorical tail wagging the dog of Timarron's crossclaim complaint: the Tenants' submission explains that Timarron's indemnification claim seeks only the combined $30,000 that it paid Ms. Sturgis and Mr. Perlman to settle their personal injury actions.[3] [Filing No. 282-1 at 2.] By comparison, Timarron has alleged that the Tenants caused

> extensive damages to the property, including but not limited to: numerous large holes in the walls, destruction of the hardwood flooring throughout the main floor of the residence, pulled [*sic*] the facing of kitchen cabinetry away from the cabinets, removal of times and mantle of the fireplace at the center of the home, damage to plumbing and gas lines throughout the building, stains to ceiling tiles, destruction of carpeting, damage to multiple doors, windows, molding and other features, removal of support beams installed in the basement to help brace the flooring in the main level, punctured holes in the roofing by walking on the roof, removed tiles from bathrooms, and damage to appliances . . . [and using] the premises as a concert venue/dance club [which] has caused structural damage to the main level floor—a result of beer poured onto the floor, and hundreds of people filling the small space

---

[3] The record does not demonstrate what portion of that $30,000 was paid to settle the Perlman Case and what portion was paid to Ms. Sturgis. Timarron also seeks attorney's fees.

5

>on the main level, and people intentionally damaging gas and water lines that are exposed in the basement.

[Filing No. 254-2 at 2-3.] These allegations involve damages wholly separate and distinct from those sought in the indemnification claim, and only a portion of the indemnification claim is attributable to Ms. Sturgis's lawsuit.

Thus, in this case, the Court is addressing not a unitary problem but a trinary problem because Timarron's crossclaims seek damages from three distinct situations—Ms. Sturgis's lawsuit, Mr. Perlman's lawsuit, and the property damage. The other issues that are not part of Ms. Sturgis's claim predominate over Timarron's crossclaims. This is not a suit where the ultimate result of Timarron's claims turns on Ms. Sturgis's claims. Rather, the result depends on a number of distinct issues, most of which have little or nothing to do with Ms. Sturgis's personal injury suit.[4]

The other factors clearly weigh in favor of severance. The crossclaim for property damage turns solely on issues that undisputedly do not arise out of the incident that injured Ms. Sturgis. Moreover, while the crossclaims and Ms. Sturgis's action share some common issues of fact, such issues make up only a small piece of Timarron's claims against the Tenants. Most of the Timarron's claims turn on the Tenants' treatment of their rental house and their contractual liability under the lease agreement. Judicial economy and the difference in relevant evidence therefore also weigh in favor of severance for the same reason; keeping Timarron's crossclaims in this matter would complicate an otherwise-straightforward personal injury case by injecting a tangentially-

---

[4] To alleviate their concerns of any inconsistent judgment, the parties are welcome to continue their informal stay of the Indiana Case to which the presiding judge has apparently been amenable. The Court expresses no opinion on whether there is in fact such a risk, instead concluding that severance is proper because the outcome of the crossclaims turn substantially on issues distinct from Ms. Sturgis's claim. But the Court also notes that this argument of prejudice is undermined by the fact that this alleged risk would persist regardless of whether the crossclaims are severed because identical indemnification claims remain pending in the Perlman Case.

6

related landlord-tenant contract dispute into these proceedings. Accordingly, the Court concludes that severance is proper.

## III.
## COLORADO RIVER STAY

The remaining issue is whether the Court should stay the newly-severed action in favor of the pending Indiana Case.

### A. Legal Standard

The *Colorado River* doctrine permits a district court to stay an action in deference to state court proceedings where a stay would "promote 'wise judicial administration.'" *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 818). To invoke *Colorado River*, the Court must first determine whether the lawsuits are parallel. *Id.* In this matter, all parties agree that this case and the Indiana Case are parallel. The remaining issue, therefore, is whether deference is warranted under the various factors that the Court must consider to determine whether exceptional circumstances justify deference to the state case. These include

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Clark*, 376 F.3d at 685. These factors provide the Court with discretion and flexibility; "there is no mechanical formula by which to determine when a stay is appropriate." *Id.* at 687 (quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1157 (7th Cir. 1990)).

**B. Discussion**

Timarron states that it is in favor of staying the severed matter as long as its rights will be adequately protected in the Indiana Case. [Filing No. 261 at 7; Filing No. 282.] The Tenants argue that several factors weigh against staying this case, which the Court will address as appropriate. [Filing No. 280 at 5-8.]

*1. Factors 1, 2, and 10*

The first, second, and tenth factors are neutral. First, this is not a matter involving jurisdiction over property. Second, as the Tenants note, this Court and the Monroe Circuit Court are only a short distance apart. The tenth factor is also neutral, as the federal claims are neither vexatious nor contrived.

*2. Factor 3*

The third factor, avoidance of piecemeal and duplicative litigation, weighs heavily in favor of deference. The Tenants suggest that deference could increase the risk piecemeal litigation since resolving all of Timarron's claims in the Indiana Case would require amending the complaint in that matter, and the Tenants intend to oppose any motion for leave to amend. But the Perlman Case contains the same claims as those alleged here, so staying this matter in favor of the Indiana Case actually *decreases* the proliferation of piecemeal litigation. *Cf. Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.3d 691, 697 (7th Cir. 1985) ("Although adjudication of [the parties'] rights in federal court instead might in the abstract be practical, and even wise, it will neither be practical nor wise as long as it creates the possibility of duplicative litigation . . . ." (alteration in original) (quoting *Arizona v. San Carlos Apache Tribe of Ariz.*, 463 U.S. 545, 569 (1983)). Moreover, there is no reason to believe that the state court would in fact decline to permit Timarron to amend its complaint, particularly in light of the parties' claims that the Indiana Case has not progressed

significantly since November 2015. More to the point, however, Timarron's claims are already being litigated in some fashion in three separate matters—the Indiana Case, the Perlman Case, and this case. This Court need not further contribute to such a trifecta; litigating variants of these claims in two such cases is plainly sufficient and an improvement over the current situation.

   *3. Factors 4, 8, and 9*

The fourth factor addresses the order in which the state and federal courts obtained jurisdiction. The Tenants offer that the Indiana Case was filed first only by a matter of months, such this factor warrants little weight. The Tenants in support cite to *Clark*, but that case involved parallel lawsuits filed "a few weeks" apart. 376 F.3d at 688. Unlike in *Clark*, the Indiana Court assumed jurisdiction over Timarron's property damage claim *a year and a half* before Timarron filed its crossclaims in this case. [*See* Filing No. 154-1 (seeking damages and attorney's fees for property damage in pleading filed in March 2014).] Timarron's indemnification claim was filed in the Indiana Case four months before the crossclaims were filed. The Court therefore concludes that this factor weighs heavily in favor of deference.

The eighth and ninth factors, addressed respectively to the availability of concurrent jurisdiction and removal, go hand-in-hand with the fourth factor because "there is a 'policy against hearing a federal claim which is related to ongoing non-removable state proceedings.'" *Clark*, 376 F.3d at 688 (quoting *Day v. Union Mines, Inc.*, 862 F.3d 652 at 659-60). This Court's jurisdiction over Timarron's crossclaims is concurrent with the Monroe Circuit Court, and the time to remove the Indiana Case has long passed. *See* 28 U.S.C. § 1446(c)(1) (imposing a one-year limit on removal of diversity actions). Thus, the Court concludes that these factors also weigh in favor of deference.

*4. Factor 7*

The seventh factor addresses the relative progress of the state and federal cases. All parties agree that the Indiana Case not progressed significantly since November 2015. While fact discovery has proceeded in this matter, the dispositive motions deadlines remains set in the future. Thus, this factor weighs marginally against deference.

*5. Factors 5 and 6*

The fifth and sixth factors concern the source of applicable law and ability of the state court to adequately protect the federal plaintiff's interest. Where state law applies, federal courts recognize that the "state court's expertise in applying its own law favors a *Colorado River* stay." *Day*, 862 F.3d at 688. Because Indiana law governs in this diversity action, the fifth factor weighs in favor of deference.

Nonetheless, Timarron expresses concerns with the ability of the state court to adequately protect the federal plaintiff's interests, arguing that the Court should stay this matter only if it is satisfied that the state court will provide such adequate protection. Specifically, Timarron states that the Tenants would object to a motion for leave to amend its complaint and to the use of evidence obtained through discovery in this matter. [Filing No. 261 at 1-6; Filing No. 282.] But Timarron also maintains that the Tenants "have not offered valid legal bases for such objections" [Filing No. 282 at 2]; assuming that is the case, this Court has no reason to assume that the state court would act contrary to law. *See Lumen Constr.*, 780 F.3d at 687 (noting that federal courts must presume that state courts will follow their "solemn obligation" to follow the governing law (quoting *San Carlos Apache*, 463 U.S. at 571)). Moreover, to the extent these possible problems stem from Timarron's failure to timely amend its complaint in the Indiana Case or to cross-notice discovery requests in the multiple pending cases, such issues do not implicate the adequacy of the

state court's *ability* to protect the plaintiff's rights. To the contrary, Timarron's claims in this matter involve state-law contract issues stemming from a landlord-tenant relationship and damage to a property that is near where the state court sits. The state court, which routinely deals with such issues, is perfectly capable of resolving Timarron's lawsuit. Therefore, the Court concludes that this factor weighs heavily in favor of deference.

### C. Conclusion

The *Colorado River* analysis does not contemplate a mechanical adding of factors but instead requires the Court to take into account the unique circumstances of each case. In this case, the Court finds the factors addressed to piecemeal litigation and order of jurisdiction to be the most critical, as is the fact that only one factor weighs against deference. Moreover, under these circumstances, the Court determines the factor addressed to the relative progress of the two cases warrants minimal weight. Timarron's crossclaims are pending in some fashion in three different cases. This Court has no obligation to exercise its jurisdiction where, as here, doing so would add to piecemeal litigation and the proliferation of parallel actions, one of which was pending (in part) for a year-and-one-half before the claims were brought in this Court. Accordingly, the Court concludes that exceptional circumstances warrant a stay of the newly-severed matter.

## IV.
### CONCLUSION

For the foregoing reasons the Court **SEVERS** Timarron's crossclaims from this matter pursuant to Rule 21. Timarron shall be the plaintiff and the Crossclaim Defendants in this matter shall be the defendants in the newly-created action. The **clerk is directed to assign the newly-created case to the same judicial officers and to docket** this Order, Timarron's crossclaim complaint [Filing No. 49], the Tenants' answers to the crossclaim complaint [Filing No. 69; Filing No. 70; Filing No. 71; Filing No. 72; Filing No. 73; Filing No. 74; Filing No. 75; Filing No. 93;

Filing No. 96], and the Clerk's Entry of Default against Defendant Schwaber [Filing No. 185] on the docket of the newly-created action.

The Court further **STAYS** the new matter pursuant to *Colorado River* pending the conclusion of the Indiana Case. In the event that the stay is lifted, the parties may at that time move for additional entries from this case to be redocketed in the new matter.

In light of the foregoing, Timarron's Motion for Leave to File Amended Crossclaims [Filing No. 200] is **DENIED AS MOOT**.

IT IS SO ORDERED.

Date: 3/16/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

John W. Richards
BUNGER & ROBERTSON
jwr@lawbr.com

Mary Anne Pelic
BUNGER & ROBERTSON
mpelic@lawbr.com

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

Keith Allen Kinney
DUFFIN HASH & COATES, LLP
kkinney@duffinandhash.com

Jason L. Fulk
HOOVER HULL TURNER LLP
jfulk@hooverhullturner.com

Lauren Hardesty
HUME SMITH GEDDES GREEN & SIMMONS
lhardesty@humesmith.com

Michael R. Bain
HUME SMITH GEDDES GREEN & SIMMONS
mbain@humesmith.com

Richard W. McMinn
LAW OFFICES OF THE LIBERTY MUTUAL GROUP
richard.mcminn@LibertyMutual.com

Derek Leonard Mandel
MANDEL HORN MCGRATH & REYNOLDS, P.C.
dmandel@mhmrlaw.com

Andrea M. Shelton
NATIONWIDE MUTUAL INSURANCE COMPANY
shelta3@nationwide.com

Lee F. Baker
NATIONWIDE MUTUAL INSURANCE COMPANY TRIAL DIVISION
bakeL5@nationwide.com

Mary Beth Ramey
RAMEY & HAILEY
marybeth@rameyandhaileylaw.com

Richard D. Hailey
RAMEY & HAILEY
rich@rameyandhaileylaw.com

Benjamin G Stevenson
THRELKELD & ASSOCIATES
bstevenson@threlkeld-legal.com

W. Brent Threlkeld
THRELKELD & ASSOCIATES
brent@threlkeld-legal.com